

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 5, 1939

Mr. R. L. Crosier
County Attorney
Johnson County
Cleburne, Texas

Dear Mr. Crosier:

Opinion No. O-16
Re: Tax fees under Article 2994,
Act of 1930, 41st Legislature,
Fourth Called Session

Your request for an opinion from this depart-
ment by letter dated December 27, 1938, addressed to
Hon. William McCraw, has been received with certain
questions being asked therein, as follows:

"1. In counties having more t an
twenty-five thousand population, is the
tax collector entitled to fees earned on
issuing poll tax receipts and exemption
certificates for the year 1933, 1934, and
1935, in addition to all other fees and
commissions allowed under the maximum fee
bill?"

"2. Did the maximum fee bill, which
became effective in 1931, change the pro-
visions of Article 2994, Revised Civil Sta-
tutes of 1925?"

As each of these questions involve the admin-
istrative application of Article 2994, Revised Civil
Statutes, 1925, as amended by the Forty-First Legislature,
Fourth Called Session, Acts of 1930, and its relation
to the maximum fee bill provisions as in effect prior to
the years of 1933, 1934, and 1935 under Title 61 of the
Revised Civil Statutes, 1925, a discussion of these

various acts will necessarily cover both questions.

Your attention is called to Article 2994, as amended by the 1930 act of the Forty-First Legislature, Fourth Called Session, and you will note that the following words are omitted from the former Article 2994, Revised Civil Statutes, 1925:

"And such fees are not to be accounted for as fees of office."

This department, in a letter opinion, rendered in 1933, held, and I think correctly, that the Legislature in 1930 in omitting the language quoted above clearly manifested an intent that subsequent to the affected date of the Act of 1930, which was January 1, 1931, the tax collector should include in his report fees collected for issuing poll tax receipts and certificates of exemption. This is further sustained by the fact that Section 10 of the act of the Fourth Called Session of the Forty-First Legislature repealed Article 3900 and 3912 of the Revised Civil Statutes of 1925.

Your attention is further called to another change made by the legislative Act of 1930 in omitting the words after word "collectors", "whose salaries are fixed by the Fee Bill......", and substituted the words, "in counties having a population in excess of twenty-five thousand as determined by Article 3889...."

It seems further evident by the above substitution in language together with the omitting of the latter portion of the Article called to your attention above, that the Legislature intended that this Section I of the 1930 Act, Fourth Called Session of the Legislature, amending Article 2994, was to be construed in pari materia with the other sections and provisions, commonly known as the maximum Fee Bill as amended.

The Forty-First Legislature, Fourth Called Session, Chapter 20, page 30 of the 1930 Act clearly undertook to pass legislation which would regulate and

limit in general fees of office in all counties of whatever population and in Section I of this Act, we find our present Article 2994 as amended embodied under the same head and title as Articles under title 61, styled Fees of Office and particularly Article 3883 as amended, with the following Sections 2 through 11 repealing or amending certain provisions limiting and regulating fees of county officials in general.

Permit me to refer you to the first part of the last paragraph of Section 3 of the 1930 Act, Fourth Called Session, Chapter 20, found on page 34, amending Article 3891, which reads:

"The compensation, limitations, and maximums herein fixed in this Chapter for officers shall include and apply to all fees and compensation whatever collected by said officers in thier official capacity, whether accountable as fees of office under present law or not, and shall also include all compensation for certified or uncertified copies of any record or paper, and all fees or compensation for any certificates issued,n any law, general or special, to the contrary notwithstanding, and particularly shall include all fees now allowed by law to officers pertaining to delinquent taxes and tax certificates, but this enumeration shall not be construed so as to exluded any other fees from the operation of this Chapter."

and further Section 10, found on page 38, which reads:

"Articles 3900, 3912, and 3894 of the Revised Civil Statutes of Texas for 1925 and any provisions of law, general or special, relating to fees of county or disstrict officers, in conflict with the provisions of this Act,are hereby expressly repealed. Officers named in Articles 3883 and 3883-A in counties having a population of twenty-five thousand or less as well as in all other counties shall make the report and keep the statement required in Article 3896

make the report and keep the statement re-
quired in Article 3896 and 8897, and shall be
subject to the limitations and requirements
of the Fee Bill."

Substantailly the same limitation or qualifications clause
fees quoted on page 3 of this opinion have been brought on
down with the later amendment by Legislative Act, 1933,
Forty-third Regular Session, Chapter 220, found at page
737, with same embodied in our present Article 3891 as
amended.

In the light of these various enactments and
in view of the above provisions, it is evident that the
Legislature in passing the 1930 Act amending Article 2994
intended such fees to be reported and their disposition
controlled under Article 3891 as amended and other sec-
tions of the 1930 act of the Forty-First Legislature,
Fourth Called Session and found in Chapter 20 and in all
later amendments.

I am therefore constrained to answer your first
question in the negative, and I am of the opinion that the
Legislature intended to cover the whole subject matter
under consideration in its 1930 act, Fourth Called Session,
effective as of January 1, 1931; and also in view of the
last above quoted Section 10, such fees collected under
Article 2994 as amended and in effect since January 1,
1931, are controlled and their disposition made subject
to accountability and disposition under the subsequent
fee bill provisions of said act.

Ittrust the above answers fully your questions.

Yours respectfully

ATTORNEY GENERAL OF TEXAS

(S)  Wm. J. R. King
                Assistant

WmK:AW

APPROVED:
(S)  Gerald C. Mann
ATTORNEY GENERAL OF TEXAS